# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **BRADLEY JENKINS,** | ) |
| Plaintiff, | ) |
| v. | ) No. 21-cv-3172 |
| **ROB JEFFREYS, et al.,** | ) |
| Defendants. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter comes before the Court on the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants Rob Jeffreys, Glen Austin, Katie Fitzpatrick, and Janel Forde. See Defs.' Mot., d/e 20. Plaintiff Bradley Jenkins alleges that Defendants—all officials and employees of the Illinois Department of Corrections (IDOC)—violated his right to equal protection by firing him because of his purported membership in a protected class. Finding that Circuit precedent foreclosed Mr. Jenkins' Fourteenth Amendment claims, the Court dismissed Mr. Jenkins' first Complaint but granted him leave to amend. See Opinion, d/e 17.

Defendants argue that the Amended Complaint is indistinguishable from its previous iteration.  The Court agrees.  Defendants' motion is GRANTED.

## I.  BACKGROUND

The Court incorporates by reference the facts set forth in the prior Opinion.  See Opinion, d/e 17, at 1–5.  The Court otherwise construes the Amended Complaint in the light most favorable to Mr. Jenkins, accepting all well-pleaded allegations as true and taking all reasonable inferences in his favor.  Alicea-Hernandez v. Catholic Bishop of Chi., 320 F.3d 698, 701 (7th Cir. 2003).

Mr. Jenkins brought this suit pursuant to 42 U.S.C. § 1983.  Mr. Jenkins alleges that Defendants fired him because he belonged to "a distinct and clearly identifiable class of individuals, to wit: public employees who were charged, but not convicted, of serious misconduct."  See Am. Compl., d/e 19, ¶ 25.  Mr. Jenkins claims that this denied him the equal protection of the laws guaranteed by the Fourteenth Amendment.

On October 9, 2021, Defendants moved to dismiss Mr. Jenkins' first Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Defs.' Mot. to Dismiss, d/e 9.  Defendants

argued that Mr. Jenkins' allegations did not implicate a recognized Fourteenth Amendment right and, therefore, failed to state a claim for relief.  See Defs.' Mem., d/e 10, at 4–5.  In the alternative, Defendants argued that they were entitled to qualified immunity.  See id. at 5–7.

On July 19, 2022, this Court granted Defendants' motion to dismiss.  See Opinion, d/e 17.  In relevant part, the Court concluded that "the law does not recognize Mr. Jenkins' claimed membership in a protected class."  Id. at 8 (citing Vukadinovich v. Bd. of Sch. Trs. of Michigan City Area Schs., 978 F.2d 403, 414 (7th Cir. 1992)).  The Court further found that Mr. Jenkins' claims could not survive under a "class-of-one" theory or on rational-basis review, see id. at 10–12, and that Defendants were entitled to qualified immunity, see id. at 12–13.

On August 15, 2022, Mr. Jenkins filed an Amended Complaint.  See Am. Compl., d/e 19.  The Amended Complaint largely mirrors its predecessor.  In Count I, Mr. Jenkins alleges that Defendant Rob Jeffreys, then IDOC's Acting Director, "approved the Department's termination of Jenkins because of" Mr. Jenkins' class membership.  Id. ¶ 26.  In Count II, Mr. Jenkins

alleges that Defendant Glen Austin, then Logan's Warden, "sought approval for Jenkins' termination" for the same reason. Id. at 8. Mr. Jenkins further alleges that Ms. Fitzpatrick began disciplinary proceedings against him (Count III) and Ms. Forde effected his termination (Count IV) on the same discriminatory basis. See id. at 8–11. Mr. Jenkins also adds a new allegation against each Defendant: that Mr. Jenkins' termination "was not rationally related to a compelling state interest" because it violated certain Illinois statutes and regulations barring employment discrimination based on an employee's arrest record. See id. ¶ 27.

As before, Mr. Jenkins sues the Defendants in their individual and official capacities. He claims that Defendants' actions cost him his "employment with the Department," the attendant "salary and benefits," and mental and emotional distress. See id. at 11–12. Mr. Jenkins seeks both money damages and equitable relief, including his reinstatement to IDOC.

Defendants now move to dismiss Mr. Jenkins' Amended Complaint. See Defs.' Mot. to Dismiss, d/e 20. Defendants argue that Mr. Jenkins has not cured the pleading defects that compelled the dismissal of his original complaint. See id. at 4–5. In the

alternative, and as before, Defendants contend that they are entitled to qualified immunity on all four counts. See id. at 5–7.

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendant fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

In considering a motion to dismiss under Rule 12(b)(6), this Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Id. But the complaint still must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Reciting the elements of a cause of action or

supporting claims with conclusory statements are insufficient to state a cause of action.  Id.

### III. ANALYSIS

Defendants argue that Mr. Jenkins' Amended Complaint "hardly differs from the initial complaint."  Defs.' Mot. to Dismiss, d/e 20, at 2.  "For the same reason[s] that the initial complaint was dismissed," Defendants contend, "the amended complaint must be dismissed as well."  Id.  The Court agrees.  Mr. Jenkins' Amended Complaint is functionally indistinguishable from its predecessor.  To the extent that the Amended Complaint differs from its first iteration, it does so in contravention of the Court's previous findings.

For instance, Mr. Jenkins alleges that his Equal Protection claims do not implicate a suspect classification and should be analyzed under rational-basis review.  But the Court already has concluded that Defendants' actions would survive rational-basis review.  See Opinion, d/e 17, at 10–11 (identifying two rational bases for terminating Mr. Jenkins).  Similarly, Mr. Jenkins alleges that his Equal Protection theory sounds primarily in Illinois law, which forbids employers from using an employee's arrest record as

grounds for discipline. The Court, however, already has found that "[a] violation of state law, even one that protects disfavored classes, 'is not a ground for a federal civil rights suit.'" Id. at 9 (quoting Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010)).

Mr. Jenkins may well have viable claims under his collective-bargaining agreement or state law. But those claims do not implicate the Fourteenth Amendment's guarantee of equal protection. Because Mr. Jenkins has "not presented the Court with any reason to deviate from its prior analysis," the Court "sees no need to reengage in an extensive analysis" here. See Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, 2017 WL 5904656, at *2 (N.D. Ill. Feb. 6, 2017), aff'd, 873 F.3d 574 (7th Cir. 2017). Defendants' motion to dismiss is granted.

Lastly, the Court must consider whether to allow Mr. Jenkins to file a second amended complaint. The Court declines to do so.

Federal Rule of Civil Procedure 15(a) provides that a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). This "mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). Since a complaint "merely serves to put the defendant on notice," a complaint may "be freely amended or

constructively amended as the case develops." Toth v. USX Corp., 883 F.2d 1297, 1298 (7th Cir. 1989). The exception to this rule gives the Court "broad discretion to deny leave to amend," but only when there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008).

The Court concludes that Mr. Jenkins cannot cure the deficiencies in his claims. Rule 15 does not require the Court to give leave to amend when a party cannot "suggest to the court the ways in which it might cure [any] defects." Haywood v. Massage Envy Franchising, LLC, 887 F.3d 329, 335 (7th Cir. 2018). To the contrary, the Court is well within its discretion "to dismiss with prejudice where a party does not make such a request or showing." Id. Mr. Jenkins cannot make such a showing. The Court, therefore, dismisses his amended complaint with prejudice.

## IV. CONCLUSION

For these reasons, Defendants' Motion to Dismiss Plaintiff's Amended Complaint (d/e 20) is GRANTED. Plaintiff Bradley Jenkins' Amended Complaint (d/e 19) is DISMISSED WITH PREJUDICE. Any pending motions in this matter are DENIED as MOOT, any pending deadlines are TERMINATED, and any scheduled settings are VACATED. This case is CLOSED.

**ENTERED: NOVEMBER 9, 2022**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**